FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 SEP 22 AM 10:35

RICHARD M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CURTIS L. BYRD, JR., | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2099-B/P |
| CITY OF MEMPHIS, et al., | X | |
| Defendants. | X | |

---

ORDER DENYING MOTION TO ENLARGE AS MOOT
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO EFFECT SERVICE OF PROCESS

---

Plaintiff Curtis L. Byrd, Jr., a resident of Memphis, has filed a complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80 and Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), for loss and destruction of property seized from his residence on December 17, 1997. Byrd paid the filing fee. On April 11, 2005, he amended his complaint to voluntarily dismiss all claims against defendant Stan Eason. The Clerk of Court shall record the Defendants as the City of Memphis, Assistant United States Attorney Tracy L. Berry, Secret Service Agent Bruce Townsend, and the United States of America.[1]

---

[1] Plaintiff also named "Unknown OCU Squad Officers" and "Unknown Secret Service Agents" as Defendants. It is well settled that a complaint cannot be commenced against fictitious parties. Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" Defendants does not commence an action and that a subsequent amendment identifying the defendant cannot relate back under Rule 15). Thus, to the extent Plaintiff has a viable

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 9-22-05

(4)

On February 10, 2005, Plaintiff filed a motion to enlarge the response time. Byrd alleged that he filed a federal tort claim on January 11, 2005 and requested that the tort claims against the Defendants be held in abeyance until July 11, 2005. The Court notes it is now September of 2005 and Plaintiff has not related any further proceedings on his administrative tort claim. Accordingly, Plaintiff's motion is DENIED as moot.

In Byrd v. City of Memphis, et al, No. 02-2570-Ml/V (W.D. Tenn. June 4, 2003), the Plaintiff sued the City of Memphis along with several other Defendants. Byrd's claims against the City of Memphis were dismissed on October 15, 2002, pursuant to Fed. R. Civ. P. 12(b)(6), for his failure to allege facts sufficient to establish municipal liability based upon the existence of an official policy or custom. The Court directed that service be effected on the remaining Defendants, Eason and Mixon. Plaintiff failed to effect service on those Defendants and the Court, on June 4, 2003, after allowing Byrd an opportunity to show cause, dismissed his remaining claims without prejudice, pursuant to Fed. R. 41(b), for his failure to prosecute. Although Byrd filed a motion for relief from judgment, which was denied on September 7, 2004, he did not take an appeal.

Plaintiff has brought this new complaint against the City of Memphis contending he "has cured the defects with new allegations."

---

claim against any "John Doe" defendant, he must identify that defendant and seek to amend his complaint to add that party within any applicable statute of limitations.

2

Because his claims against the City of Memphis were dismissed as failing to state a claim upon which relief may be granted under Rule 12(b)(6), the termination of those claims was with prejudice and Plaintiff did not have that dismissal overturned in any appeal.

Byrd's attempt to relitigate his claims against the City of Memphis is barred by both the claim and issue preclusion branches of the res judicata doctrine. See C. Wright, Law of Federal Courts, § 100A at 680, 682 (1983). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that **were** or **could have been raised** in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)(emphasis added). The dismissal of the assertions against the City of Memphis in case no. 02-2570-Ml/V was a judgment on the merits.

> The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits. See, e.g., Fed. Rule Civ. Proc. 41(b); United States v. Oppenheimer, 242 U.S. 85, 87-88 (1916).

Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995).

> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief--the courts have denied the plaintiff a second bite at the apple.

3

Lubrizol Corp. v. Exxon Corp., 871 F.2d 1279, 1288 (5th Cir. 1989); see also The Restatement (Second) Judgments § 51 (1982).

In Byrd v. United States of America, No. 03-2457-Ma/V (W.D. Tenn. Nov. 17, 2003), Byrd sought the return of certain property taken from his home during the execution of a search warrant on December 19, 1997, including a big-screen television, approximately $4400 in cash, a camcorder, a digital camera, and an automobile. On August 18, 2003, the Court directed that certain items of property be returned, but directed that the return be stayed pending the disposition of defendant's appeal of his conviction. See Byrd, No. 03-2457-Ma/V, docket entry 12.

On July 8, 2004, the Sixth Circuit Court of Appeals vacated Byrd's sentence and remanded his case for resentencing pursuant to the 1998 edition of the United States Sentencing Guidelines. United States v. Byrd, 103 Fed. Appx. 866, 873-74 (6th Cir. 2004). Byrd alleges that he was advised on January 10, 2005, by Secret Service Agent Patrick Davis, that his property had been ordered destroyed by Defendant AUSA Tracy Berry.

The Federal Tort Claims Act provides, in pertinent part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. The FTCA is the exclusive remedy in tort actions against a federal agency. 18 U.S.C. § 2679(a). Peak v. Small Business Admin., 660 F.2d 375, 377 (8th Cir. 1981).

4

The statute provides that the only proper defendant to a suit under the Act is the United States. 18 U.S.C. § 2679(a). Furthermore, the statute provides that an action under it against the United States is the exclusive remedy for all claims "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 18 U.S.C. § 2679(b). Thus, to the extent that Plaintiff seeks relief against any Berry or Townsend under the FTCA, his complaint fails to state a claim against these Defendants upon which relief may be granted.

Under the FTCA, Byrd is required to file a claim with the Bureau of Prisons and to exhaust his administrative remedies. 28 U.S.C. § 2675(a). The Court cannot determine on the record before it whether Plaintiff properly filed a claim under the FTCA and whether he has exhausted his administrative remedies. Likewise, the Court cannot determine whether Byrd has received any judgment or settlement in his tort claim which would preclude any claims against Berry or Townsend under Bivens. See 28 U.S.C.A. § 2676. Thus, an answer will be required from Tracy Berry, Bruce Townsend, and the United States of America.

Within thirty (30) days of the date of entry of this order, the Plaintiff shall personally appear at the Clerk's office and, upon presenting a copy of this order, the Clerk shall provide Plaintiff six (6) blank, unsigned summonses. Pursuant to Fed. R. Civ. P. 4(b), the Plaintiff is responsible for properly filling out

5

the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to the Plaintiff for service on the Defendants. The Plaintiff is responsible for ensuring that service is effected pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.[2]

Byrd is also responsible for ensuring that service is effected pursuant to Fed. R. Civ. P. under Rule 4(i)(1) and (2)(B). He is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

Plaintiff shall serve a copy of every further document filed in this cause on the attorneys for the Defendants, or on the Defendants if they have no attorney. He shall make a certificate of service on every document filed. The Plaintiff shall promptly notify the clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 21st day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is advised of Fed. R. Civ. P. 4(c)(1), which provides, in part, that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age."

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02099 was distributed by fax, mail, or direct printing on September 22, 2005 to the parties listed.

USA
,

Curtis L. Byrd
1395 Worthington Circle
Memphis, TN 38114

Honorable J. Breen
US DISTRICT COURT