IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 DEC 22 PM 2: 41

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CURTIS L. BYRD, JR. | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2099-B/P |
| UNITED STATES OF AMERICA, et al., | X | |
| Defendants. | X | |

ORDER TO SHOW CAUSE

Plaintiff Curtis L. Byrd, a resident of Memphis, filed a complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80 and <u>Bivens v. Six Unknown Federal Agents</u>, 403 U.S. 388 (1971), and paid the filing fee. On September 22, 2005, the Court screened plaintiff's complaint, dismissed all claims against the City of Memphis and directed that Plaintiff effect service of process upon the remaining defendants United States of America, Tracy Berry, and Bruce Townsend. The order stated:

> Within thirty (30) days of the date of entry of this order, the Plaintiff shall personally appear at the Clerk's office and, upon presenting a copy of this order, the Clerk shall provide Plaintiff six (6) blank, unsigned summonses. Pursuant to Fed. R. Civ. P. 4(b), the Plaintiff is responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to the Plaintiff for service on the Defendants. The Plaintiff is responsible for ensuring that service is effected pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-22-05

(8)

> Byrd is also responsible for ensuring that service is effected pursuant to Fed. R. Civ. P. Under Rule 4(i)(1) and (2)(B). He is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.
>
> Plaintiff shall serve a copy of every further document filed in this cause on the Attorneys for the Defendants, or on the Defendants if they have no attorney. He shall make a certificate of service on every document filed. The Plaintiff shall promptly notify the clerk of any change of address or whereabouts. **Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.**

(Docket entry 4, emphasis added)

The Plaintiff has failed to effect service of process as directed by the Court's order entered on September 22, 2005. Plaintiff is not proceeding as a pauper and is not entitled to have the marshal serve the defendants under 28 U.S.C. § 1915(d). Plaintiff was advised of his duty to effect service and has not complied with the Court's order. The Court's order advised the Plaintiff that failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

2

The Court's review of the Clerk's file reveals that Plaintiff has not served the Defendants within 120 days after the entry of the Court's screening order. He did not file a motion for an extension of time to serve the defendants within the 120 days of the Court's entry of the order. Byrd has clearly not complied with the Court's order entered on September 22, 2005, to serve the defendants.

Absent a showing of good cause to justify a failure to effect timely service, the Fed. R. of Civ. P. 4(m) mandates dismissal. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir. 1992). The legislative history of Rule 4(m) and Sixth Circuit case law suggest that good cause can be shown only where the defendant has intentionally evaded service. Friedman, 929 F.2d at 1157; United States v. Gluklick, 801 F.2d 834, 835-37 (6th Cir. 1986); 128 Cong. Rec. H30, 929, 30, 933 n. 20 (1982).

Accordingly, the Plaintiff is hereby ORDERED to show cause within 20 days of the entry of this order upon the docket why the claims against the Defendants should not be dismissed for failure to obtain service. Failure to respond to this order or to show good cause will result in the dismissal of this complaint.

IT IS SO ORDERED this 22 day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02099 was distributed by fax, mail, or direct printing on December 22, 2005 to the parties listed.

---

Curtis L. Byrd
1395 Worthington Circle
Memphis, TN 38114

Honorable J. Breen
US DISTRICT COURT