IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CURTIS L. BYRD, JR., | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2099-B/P |
| CITY OF MEMPHIS, et al., | X | |
| Defendants. | X | |

ORDER DENYING MOTION FOR RECONSIDERATION AND CLARIFICATION

Plaintiff Curtis L. Byrd, Jr., a resident of Memphis, filed a complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80 and Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), for loss and destruction of property. On September 22, 2005, the Court entered an order which dismissed Byrd's claims against "John Doe" defendants and dismissed all claims against the City of Memphis as barred by res judicata. The Court determined that an answer was required from the United States, Tracy Berry, and Bruce Townsend to determine if Byrd had properly exhausted his administrative remedies on his FTCA claim and whether such judgment or settlement in the FTCA administrative process precluded any claim against Berry or Townsend under Bivens.

On October 4, 2005, Byrd filed a motion for reconsideration of the screening order and motion for clarification of the dismissal order. Byrd contends that his complaint contained additional claims against the City of Memphis which were not litigated in any

previous case. He contends he did not learn that the City of Memphis released his property to the federal government "without authorization" until he filed <u>Byrd v. United States</u>, No. 03-2457-Ma/V (W.D. Tenn. Nov. 17, 2003). As noted in the screening order, United States Judge Samuel H. Mays entered an order in case No. 03-2457-Ma/V which directed that certain items of Byrd's property be returned to him upon the conclusion of his direct appeal. <u>See Byrd</u>, No. 03-2457-Ma/V, docket entry 12.

Byrd contends he should be allowed to litigate an "unlawful conversion" claim and state law claims against the City of Memphis in this lawsuit. The Court's screening order reviewed Byrd's prior lawsuit against the City of Memphis for an alleged unlawful seizure of property occurring on December 19, 1997, as follows:

> In <u>Byrd v. City of Memphis, et al</u>, No. 02-2570-Ml/V (W.D. Tenn. June 4, 2003), Byrd sued the City of Memphis along with several other defendants. Byrd's claims against the City of Memphis were dismissed on October 15, 2002, pursuant to Fed. R. Civ. P. 12(b)(6) due to Byrd's failure to allege facts sufficient to establish municipal liability based upon the existence of an official policy or custom. The Court directed that service be effected on the remaining defendants, Eason and Mixon. Plaintiff failed to effect service on those defendants and the Court, on June 4, 2003, after allowing Byrd an opportunity to show cause, dismissed his remaining claims without prejudice, pursuant to Fed. R. 41(b), based upon his failure to prosecute. Although Byrd filed a motion for relief from judgment which was denied on September 7, 2004, he did not take an appeal.
>
> Plaintiff has brought this new complaint against the City of Memphis contending he "has cured the defects with new allegations." Because plaintiff's claims against the City of Memphis were dismissed as failing to state a claim upon which relief may be granted under Rule 12(b)(6), the dismissal of those claims was with prejudice and plaintiff did not have that dismissal overturned in any appeal.

2

> Plaintiff's attempt to relitigate his claims against the City of Memphis is barred by both the claim and issue preclusion branches of the res judicata doctrine. See C. Wright, Law of Federal Courts, § 100A at 680, 682 (1983). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that **were** or **could have been raised** in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)(emphasis added). The dismissal of the claims against the City of Memphis in case no. 02-2570-Ml/V was a judgment on the merits.
>
>> The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits. See, e.g., Fed. Rule Civ. Proc. 41(b); United States v. Oppenheimer, 242 U.S. 85, 87-88, 37 S.Ct 68, 69, 61 L.Ed. 161(1916).
>
> Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995).
>
>> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief--the courts have denied the plaintiff a second bite at the apple.
>
> Lubrizol Corp. v. Exxon Corp., 871 F.2d 1279, 1288 (5th Cir. 1989). See also The Restatement (Second) Judgments § 51 (1982).

(Docket entry 4).

Byrd contends that the Court's order did not specify which "counts of the complaint" against the City of Memphis were dismissed. To the contrary, the Court's order dismissed **all** claims

3

against the City of Memphis because all claims against the City of Memphis sought to litigate "issues that **were** or **could have been raised** in that action." Federated Dept. Stores, Inc., 452 U.S. at 398 (emphasis added). The motion filed October 4, 2005 provides no basis justifying reconsideration of the Court's screening order entered on September 22, 2005. Likewise, no basis exists in law or fact which requires the Court to amend the screening order. Accordingly, the motion for reconsideration and clarification is DENIED.

This order is not a final appealable order, and it is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 28th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:05-CV-02099 was distributed by fax, mail, or direct printing on December 28, 2005 to the parties listed.

---

Curtis L. Byrd
1395 Worthington Circle
Memphis, TN 38114

Honorable J. Breen
US DISTRICT COURT